**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Teresa Morman, ) | Civil Action No.: 4:20-cv-04365-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Teresa Morman filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of the Social Security Administration's final decision denying Plaintiff's claim for benefits under the Social Security Act. (ECF No. 1.)

The matter is before the court to review the Magistrate Judge's Report and Recommendation issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.). (ECF No. 9.) Specifically, on January 12, 2021, the Magistrate Judge recommended that the court deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, also known as a Motion for Leave to Proceed in Forma Pauperis. (ECF No. 9 at 3 (referencing ECF No. 3).) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 3).

**I.     BACKGROUND**

Plaintiff filed this action on December 17, 2020. (*See* ECF No. 1.) Also on December 17, 2020, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 3). In the Motion, Plaintiff asserted that she does not have a source of income, has monthly expenses of $2,340.00,

1

and currently owes $15,000.00 in back taxes. (*Id.* at 1–3.) Plaintiff further asserted that the money she does have, which amounts to $19,000.00, was the result of a withdrawal from her individual retirement account ("IRA"). (*Id.* at 1.) In response to Special Interrogatories propounded by the court (*see* ECF Nos. 6, 6-1), Plaintiff specified that she owned a home valued at $81,200.00, an automobile valued at $6,000.00, and had $104,567.19 in her IRA. (ECF No. 7-1.)

Thereafter, on January 12, 2021, the Magistrate Judge issued the aforementioned Report recommending that the court deny Plaintiff's Motion. (ECF No. 9 at 3.)

## II.    LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III.    ANALYSIS

A.    <u>The Magistrate Judge's Review</u>

In the Report (ECF No. 9 at 2), the Magistrate Judge cited to the three-factor in forma pauperis test set forth in *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D. Tex. 1976), which considers whether a "petitioner is barred from Federal Courts by reason of impecunity"; whether

petitioner is blocked access to the courts "by the imposition of an undue hardship"; and whether petitioner is "forced to contribute [her] last dollar, or render [her]self destitute to prosecute [her] claim." *Id.* at 943 (internal and external citations omitted). Upon consideration of *Carter*, the Magistrate Judge observed that "it does not appear that Plaintiff would be barred from the federal courts because she simply does not have the money for the filing fee of $350.00, plus administrative fee of $52, nor that paying that fee would effectively block her access to the courts by imposing on her an 'undue hardship,' nor that the fee would wring from Plaintiff her last dollar or essentially render her destitute." (ECF No. 9 at 2–3.) As a result, the Magistrate Judge recommended that the court deny Plaintiff's Motion. (*Id.* at 3.)

B.     No Objections by Plaintiff

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service or by January 26, 2021. (ECF No. 9 at 4 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).) However, neither party filed any objection before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court conducted a thorough review of the Report and record in this case. Even though Plaintiff's current financial situation might not be ideal from her perspective for purposes of paying the filing fee, the court must nevertheless conclude that the Report provides an accurate summary of the factual background and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Report (ECF No. 9), and **DENIES** Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 3). Plaintiff shall submit the required filing fee of $402.00 on or before Thursday, June 10, 2021.

**IT IS SO ORDERED.**

United States District Judge

May 27, 2021
Columbia, South Carolina