# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Teresa Morman, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:20-cv-4365-TMC |
| ) | |
| vs. ) | |
| ) | |
| Kilolo Kijakazi,[1] Commissioner of ) | **ORDER** |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Plaintiff Teresa Morman's amended motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 48). Plaintiff seeks an award of attorney's fees in the amount of $22,729.75, which Plaintiff contends represents 25% of the total back benefits awarded to Plaintiff. (ECF No. 48-1 at 5, 6). The Commissioner has filed a response informing the court that she does not object to Plaintiff's motion for fees. (ECF No. 49).

Pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002), in reviewing a request for attorney's fees under § 406(b), a court must look first to the contingent fee agreement and assess its reasonableness. A reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted as the defendant in this action. *See also* 42 U.S.C. § 405(g) (providing that action survives regardless of any change in the person acting as the Commissioner of Social Security).

1

Based upon a review of the petition and these factors, the court finds that an award of $22,729.75 is reasonable. Pursuant to a contingency fee agreement, Plaintiff agreed to pay counsel twenty-five percent (25%) of any past-due benefits. (ECF Nos. 48-1 at 1; 48-2). Plaintiff was awarded a total of $90,919.00 in back benefits. (ECF No. 48-4 at 1). Twenty-five percent (25%) of this award equates to $22,729.75, of which the Commission withheld $16,952.50 and paid plaintiff's counsel the remaining $5,777.25 as administrative fees. *See id*. at 1–2. However, because the Administrative Law Judge's decision was vacated, including the award of administrative fees, the Commission has indicated that Plaintiff's counsel now holds the $5,777.25 in escrow pending the court's ruling on Plaintiff's motion. *Id*. at 2.

In compliance with 42 U.S.C. § 406(b)(1)(A), counsel's requested fee does not exceed twenty-five percent (25%) of the total past-due benefits. Furthermore, the requested attorney's fee is reasonable given the hours counsel expended working on this matter at the court level. *See* (ECF Nos. 48-1 at 4–6); s*ee also Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). Additionally, Plaintiff's counsel achieved a successful result without any unreasonable delay. In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. *Cf. Brown v. Barnhart*, 270 F.Supp.2d 769, 772–73 (W.D. Va. 2003).

Therefore, based on the foregoing, Plaintiff's amended motion for attorney's fees (ECF No. 48) is **GRANTED**, and Plaintiff is awarded a total of $22,729.75 in attorney's fees.[2]

**IT IS SO ORDERED.**

---

[2] "Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee[,] . . . up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). Plaintiff was previously awarded $3,340.11 in attorney's fees under the EAJA in this action. (ECF No. 38). Accordingly, Plaintiff's counsel is to refund to the Plaintiff the previously ordered EAJA fees of $3,340.11 immediately after he receives the payment of the § 406(b) fees.

                                                                    s/ Timothy M. Cain
                                                                    United States District Judge

August 31, 2023
Anderson, South Carolina